IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00522-GPG

R. MARK ARMSTRONG,

    Plaintiff,

v.

STATE OF WYOMING DEPARTMENT OF ENVIRONMENTAL QUALITY,
CITY OF CASPAR,
JAMES UZELL, In His Official and Individual Capacities,
DALE ANDERSON, In His Official and Individual Capacities, and
C. LANGSTON, In His or Her Official and Individual Capacities,

    Defendants.

## ORDER TRANSFERRING CASE

    Plaintiff, R. Mark Armstrong, has filed *pro se* a Complaint (ECF No. 1), in which he asserts violations of his rights under federal statutes and the United States Constitution, as well as state law claims. He invokes this Court's federal subject matter jurisdiction under both 28 U.S.C. § 1331 and 1332.

    On March 3, 2016, Magistrate Judge Gordon P. Gallagher issued an Order directing Plaintiff to show cause, in writing, within 30 days, why this action should not be dismissed or transferred for improper venue, given the Plaintiff's allegations that the Defendants are residents of Wyoming and the objectionable conduct occurred in Wyoming. (ECF No. 6). Mr. Armstrong filed a Response to Order to Show Cause (ECF No. 7), on March 16, 2016.

    The court must construe Mr. Armstrong's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be transferred to the District of Wyoming, pursuant to 28 U.S.C. § 1406(a).

In the Complaint, Mr. Armstrong alleges that he was formerly employed by the State of Wyoming Department of Environmental Quality (DEQ) as a Senior Environmental Analyst. He asserts that the Defendants used federal funds to transfer waste from town to town in Wyoming, pursuant to a scheme to increase waste disposal at the Caspar facility, to financially benefit Defendant Anderson's spouse, who managed the Caspar landfill – a site that did not meet federal standards. When Plaintiff reported the misconduct to the Wyoming DEQ Director, he was fired on the pretext of cell phone misuse, but was ultimately reinstated following an administrative hearing. The parties thereafter reached a settlement agreement and Plaintiff was offered a new job. However, when he attempted to return to work, he was told to leave the property. Plaintiff alleges that he was wrongfully dismissed a second time, in breach of the settlement agreement between the parties.

In the Response to Order to Show Cause, Mr. Armstrong does not dispute that the Defendants are residents of Wyoming or that a substantial part of the events giving rise to the claims occurred in Wyoming. Further, although Plaintiff clarifies some of the relevant factual allegations, he does not allege any misconduct by the Defendants that occurred in the State of Colorado. (ECF No. 7 at 4-5). Instead, Mr. Armstrong argues in the

Response that venue is proper in Colorado because he continues to suffer damages in Colorado, where he resides; his claims would not receive a fair trial in Wyoming; Denver is a more convenient forum for out-of-state witnesses; and, the Defendants are more able to bear the financial burden of an out-of-state trial. (ECF No. 7).

None of Plaintiff's arguments address the requirements of the federal venue statute, which states that a civil action may be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "If a case falls within one of § 1391(b)'s districts, venue is proper, if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas*, ___ U.S.___,134 S.Ct. 568, 573 (2013).

Contrary to Plaintiff's assertions, the state where Plaintiff resides is not relevant to the venue inquiry under § 1391(b) unless the conduct that forms the basis of the lawsuit also occurred in that state. Further, even if Plaintiff has suffered continuing damages in Colorado, the conduct that caused the damages occurred in Wyoming. And, finally, Plaintiff's equitable arguments as to why venue is more appropriate in Colorado are not pertinent to the determination of whether venue is proper in Colorado. Instead, the

factors discussed by Plaintiff are considered in determining a motion for change of venue under 28 U.S.C. § 1404(a).  *See, e.g.*, *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991).

A district court may dismiss a case *sua* sponte based on improper venue where "the defense is obvious from the facts of the complaint and no further factual record is required to be developed," and "only if it is clear that the plaintiff can allege no set of facts to support . . . venue."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).  Here, it is clear from the face of the Complaint that venue is improper in Colorado and Mr. Armstrong has not alleged in facts in his Response to the Show Cause Order to indicate otherwise.

If venue is not proper, the court may cure the defect *sua sponte* pursuant to 28 U.S.C. § 1406(a).  *See Trujillo*, 465 F.3d at 1222.  Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Because one or more of Plaintiff's claims may have merit, and it is not clear whether there is a statute of limitations issue, the Court will transfer this action to the District of Wyoming, where venue is proper, pursuant to § 1406(a).  *See also* 28 U.S.C. § 131.  Accordingly, it is

ORDERED that the Clerk of the Court transfer this action to the District of Wyoming, pursuant to 28 U.S.C. § 1406(a).

DATED April 15, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court